UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAIKA SAGE, | CASE NO. 3:17-cv-05277-RJB |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE |
| v. | |
| TACOMA SCHOOL DISTRICT NO. 10, MIGUEL VILLAHERMOSA, JOSHUA GARCIA, CATHERINE USHKA, ANDREA COBB, DEBBIE WINSKILL, SCOTT HEINZE, KAREN VIALLE, KURT MILLER, and CARLA SANTORNO, | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss with Prejudice. Dkt. 15. The Court has considered Plaintiff Maika Sage's Response (Dkt. 16), Defendants' Reply (Dkt. 17), and the remainder of the file herein.

Oral argument is deemed unnecessary. LCR 7(b)(4).

BACKGROUND

*a. The no trespass letter.*

The present motion centers on alleged facts surrounding a no trespass letter issued by the District against Plaintiff Sage. (The facts giving rise to the issuance of the no trespass letter are

ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE - 1

important to the case generally but not important to resolving the present motion.) The no trespass letter "strictly prohibits" Plaintiff's "presence on District premises, property, campuses, and at any school activities." Dkt. 16 at 17, 18.[1] The prohibition is "in effect 24 hours a day, 7 days a week during school and non-school hours[.]" *Id*. The letter warns that "[i]f you are present on any District premises, property, or campuses or if you appear at any event or activity being conducted on District premises, property, or campuses you will be referred to law enforcement for trespass." *Id*. The letter provides for unspecified "alternative methods of obtaining information" if the District either "receives a valid court order or complete and official parenting plan[.]" *Id*. Defendant Miguel Villahermosa, Director of Safety and Security for the District, issued the no trespass letter on March 2, 2014, and it was renewed again by letter on August 18, 2014 and August 18, 2015. Dkt. 1-2 at ¶36. *Id*.

   *b. Board of Directors for the District*

The Motion to Dismiss is brought by members of the Board of Directors for the District, defendants Catherine Ushka, Andrea Cobb, Debbie Winskill, Scott Heinze, Karen Vialle, and Kurt Miller (collectively, "Board Defendants")[2]. The Board Defendants are named in their individual capacities "with respect to civil penalties" in the First Cause of Action for violations of the Open Public Meetings Act (OPMA), and they are named in their official capacities as to the Third Cause of Action for constitutional violations under 42 U.S.C. § 1983 and "for any claims for injunctive or declaratory relief," Dkt. 1-2 at ¶5. Only the First and Third Cause of Actions seek injunctive or declaratory relief. *See id*. at ¶¶47, 57.

---

[1] The no trespass letter (Dkt. 16 at 17, 18) is referred to by both parties. The Court will consider the letter as if expressly incorporated by the Complaint.

[2] Defendant Miguel Villahermosa, Deputy of Security for the District, and Defendant Joshua Garcia, Deputy Superintendent for the District, have not joined in this motion.

ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE - 2

The First Cause of Action alleges that the District held "between two to five Board meetings each month from March 24, 2014 to the present date" in violation of the Open Public Meetings Act (OPMA). *Id*. at ¶44. Specifically, "in violation of RCW 42.30.030, which requires Board meetings to be open to all members of the public . . . Plaintiff and several other members of the public were excluded from these Board meetings, due to District-wide 'no trespass letters.'" *Id*. at ¶44. As a result, it is alleged, "all Board actions . . . is [*sic*] null and void[,]" the Board Defendants are liable for civil penalties, and Plaintiff Sage is entitled to attorney fees. *Id*. at ¶¶45, 46, 48. The claim also seeks injunctive or mandamus relief to "requir[e] the District and its Board members to open all District Board members [*sic*] to all members of the public, including Plaintiff and any other person barred . . . by 'no trespass letters.'" *Id*. at ¶47.

   *c. Superintendent Carla Santorno*

The Motion to Dismiss is also brought by Superintendent Carla Santorno. Dkt. 15 at 5. Defendant Santorno "is being sued solely in her official capacity with respect to Plaintiff's claims under 42 U.S.C. § 1983 and for any claims for injunctive or declaratory relief." Dkt. 1-2 at ¶6. The Complaint makes no mention of Defendant Santorno anywhere except in an introductory paragraph. *See id*. The Complaint does not elsewhere allege that Defendant Santorno was personally involved with actions taken by the Board of Directors actions or that she was personally involved with the District's issuance of the no trespass letter. *See generally*, Dkt. 1-2.

## STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken

as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## DISCUSSION

A. <u>First Cause of Action—OPMA violations</u>

**1. Relevant statutes**

The Complaint alleges that the Board Defendants held meetings in violation of one OPMA subsection, RCW 42.30.030. Under RCW 42.30.030, "[a]ll meetings of the governing body of a public agency shall be open and public and all persons shall be permitted to attend . . . except as otherwise provided in this chapter." The only exception to the general rule raised by Defendants is RCW 42.30.050, which gives said governing bodies authority to remove individuals for interrupting meetings. Dkt. 15 at 6, 7.

Citing to RCW 4.24.470(1), Defendants make the argument that claims should be dismissed based on Defendants' statutory immunity. RCW.24.470(1) provides that "[a]n appointed or elected official or member of the governing body of a public agency is immune from civil liability for damages for any discretionary decision or failure to make a discretionary decision within his or her official capacity[.]" Defendants argue that Defendant Santorno is an

ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE - 4

"appointed official" and the Board Defendants are a "governing body of a public agency" who made discretionary decisions. Dkt. 15 at 5.

Defendants cite to RCW 28A.605.020 as the statutory authority for the District to limit parents' access to school property. Dkt. 15 at 6, 7. The statute requires all school district boards to "adopt a policy assuring parents' access to their child's classroom and/or sponsored activities for purposes of observing . . . PROVIDED, That such observation shall not disrupt the classroom procedure or learning activity."

**2. Board Defendants**

Defendants make several arguments in support of dismissal of the Board Defendants: (1) the Board Defendants are entitled to statutory immunity under RCW 4.24.470(1); (2) the Complaint does not state a claim for relief, because all meetings were open and public; (3) the claim is not ripe, because the Complaint does not allege that Plaintiff Sage tried to attend meetings but was opposed by the Board Defendants; and (4) to the extent that Plaintiff is excluded from Board meetings, the Board Defendants has authority under RCW 42.30.050 to respond to interruptive behavior, and the District is permitted to limit parents' access to school property under RCW 28A.605.020. Dkt. 15 at 4-8; Dkt. 17 at 6, 7.

In Plaintiff's Response, Plaintiff Sage argues: (1) RCW 4.24.470(1) does not "immunize" any of the defendants of liability for OPMA purposes; (2) the Board of Directors meetings were *not* open and public, because Plaintiff Sage and others were excluded by the no trespass letters; and (3) prohibiting Plaintiff Sage from attending public meetings does not fall within the interruptive behavior exception, RCW 42.30.050, or any other exception to the OPMA. Dkt. 16.

The Court finds that the Complaint fails to state an OPMA claim against the Board Defendants on the basis of causation. The thrust of the OPMA claim is that Board meetings were

ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE - 5

not "open and public" because Plaintiff Sage was prohibited from attending. Critically, however, the Complaint alleges that Plaintiff Sage and others were excluded from the meetings "<u>due to</u> District-wide 'no trespass letters.'" Dkt. 1-2 at ¶44 (emphasis added). According to the Complaint, Defendant Villahermosa, not any member of the Board of Directors, authored the no trespass letter. *Id*. at ¶¶22-44; Dkt. 16 at 17. The Complaint does not elsewhere allege any facts to suggest that the Board Defendants took actions to deprive Plaintiff Sage of the right to attend Board meetings, for example, by asking her to leave meetings or adopting policies excluding certain types of parents. *See generally*, Dkt. 1-2. With no theory alleged for how the Board Defendants caused the alleged OPMA violations, the Complaint fails to state a claim upon which relief can be granted.

Because the Complaint does not allege any specific actions taken by the Board Defendants, the Court cannot—and expressly declines to—consider Defendants' argument that RCW 4.24.470(1) should immunize the Board Defendants of civil liability.[3] At this stage of the litigation, where the Court only considers the pleadings, the Court also does not reach the parties' arguments about the applicability of the interruptive behavior exception under RCW 42.30.050 and the scope of the District's authority to limit parents' access to school property under RCW 28A.605.020.

### 3. Defendant Santorno

It is not clear whether the OPMA claim is alleged against Defendant Santorno, because she is nowhere mentioned in the claim itself. *See* Dkt. 1-2 at ¶¶43-48. Plaintiff's Response does not offer arguments particular to Defendant Santorno as to this claim. *See* Dkt. 16. However, the

---

[3] The Court looks askance at the argument that a generally applicable immunity statute always absolves a body like the Board of Directors from civil liability, where a more specific statute specifically imposes it. *Compare* RCW 4.24.470(1) and RCW 42.30.120.

Complaint names Defendant Santorno "in her official capacity . . . for <u>any claims for injunctive or declaratory relief</u>," and the OPMA claim seeks injunctive relief. *See id*. at ¶¶6, 47 (emphasis added). The phrase "any claims" may be boilerplate language, but in an abundance of thoroughness, the Court considers the OPMA claim as to Defendant Santorno.

The OPMA claim should be dismissed against Defendant Santorno for failure to state a claim. The OPMA claim alleges that meetings of the Board of Directors were not open and public, but it is not alleged that Defendant Santorno attended or otherwise participated in any of the Board meetings. Even if it did, the Complaint alleges that the no trespass letter is the cause of Plaintiff Sage's exclusion from the Board meetings, so the claim would fail against Defendant Santorno on the same basis as against the Board Defendants. *See* above. There is no plausible causal connection between alleged activities of Defendant Santorno and the harm alleged by the OPMA violations, so the Complaint fails to state a claim.

Defendants' motion should be granted and the OPMA claim dismissed without prejudice as to all defendants.

B. <u>Third Cause of Action—§ 1983 violations</u>

Defendants initially argue that statutory immunity under RCW 4.24.470(1) applies to protect the Board Defendants and Defendant Santorno from § 1983 liability (Dkt. 15 at 7, ln 24), but they abandon the argument in their Reply for purposes of the pending motion to dismiss the pleadings (Dkt. 17 at 4, ln 8). Defendants' Reply argues, with more clarity, that the Complaint fails to state a claim on the basis that the Board Defendants and Defendant Santorno had no involvement in the issuance of the no trespass letter, which is the basis for the § 1983 claim.

Particular to this claim, Plaintiff Sage argues only that under the Supremacy Clause, no state law, including RCW 4.24.470(1) "can immunize anyone from liabilities or other obligations

ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE - 7

imposed by the Constitution or laws of the United States of America." Dkt. 16 at 4. According to Plaintiff Sage, there are "numerous clearly established Supreme Court precedents" to support this rule, including *Haver v. Melo*, 502 U.S. 21 (1991), and authority cited to by Defendants is unpublished and easily distinguished on several grounds. Dkt. 16 at 5.

Because Defendants have abandoned their statutory immunity argument, the Court need not address the issue. Nonetheless, the claim should be dismissed, because it fails to state a claim as to either the Board Defendants or Defendant Santorno. The Complaint must set forth the specific factual bases upon which each defendant is liable, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), which the Complaint does not do. Although not exactly clear, it appears that, particular to the Board Defendants, the Complaint seeks damages under § 1983 for the lost opportunity to attend Board meetings, and seeks declaratory and injunctive relief for attending them in the future. *See* Dkt. 1-2 at ¶¶51-58. The request for damages is barred by the Eleventh Amendment, because the Board Defendants were sued under § 1983 in their official capacity, and the Eleventh Amendment bars suits for damages against state officials acting in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In its entirety the claim fails to state a claim because the cause of the harm, exclusion from Board meetings, is based on the issuance of the no trespass letter, not any actions taken by the Board Defendants. The claim should therefore be dismissed without prejudice as to the Board Defendants.

As to Defendant Santorno, the claim fares no better. Defendant Santorno is also sued only in her official capacity, Dkt. 1-2 at ¶6, so to the extent the Complaint would seek damages against Defendant Santorno under § 1983, it is barred by the Eleventh Amendment. *Will*, 491 U.S. at 71. Further, to the extent that the Complaint intends to allege that Defendant Santorno is liable for the District's alleged constitutional violations, the respondeat superior theory fails.

ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE - 8

*Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). More fundamentally, the Complaint fails to set forth any basis for Defendant Santorno's liability, and thus fails to state a claim and should be dismissed.

Defendants' motion should be granted and the § 1983 claim dismissed without prejudice as to the Board Defendants and Defendant Santorno only.

C. <u>Leave to amend</u>

In dismissing for failure to state a claim, courts should grant leave to amend even if no request to amend the pleading was made, except where it is determined that the pleading could not possibly be cured by allegation of other facts. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995). Applied here, the Court can surmise facts that could cure the Complaint's defects, so dismissal should be without prejudice and with leave to amend.

\* \* \*

THEREFORE, it is HEREBY ORDERED that Defendants' Motion to Dismiss (Dkt. 15) is GRANTED as follows:

(1) The First Cause of Action (OPMA violation) is DISMISSED WITHOUT PREJUDICE.

(2) The Third Cause of Action (1983 violations) is DISMISSED WITHOUT PREJUDICE as to defendants Catherine Ushka, Andrea Cobb, Debbie Winskill, Scott Heinze, Karen Vialle, Kurt Miller, and Carla Santorno. The claim is not dismissed as to defendants Miguel Villahermosa and Joshua Garcia, who did not join their co-defendants in this motion.

(3) Plaintiff Sage is given leave to amend the Complaint (Dkt. 1-2), if she so desires, by September 22, 2017.

ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE - 9

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of August, 2017.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge