UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAIKA SAGE,<br><br>       Plaintiff,<br> v.<br><br>TACOMA SCHOOL DISTRICT NO. 10, et. al,<br><br>       Defendants. | CAUSE NOS. 3:17-5277-RJB and 3:17-cv-05775-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO CONSOLIDATE |

THIS ORDER is issued upon consideration of Plaintiff Maika Sage's Motion to Remand (Dkt. 11, Cause No. 17-5775) and Defendants' Motion to Consolidate (Dkt. 21, Cause No. 17-5277). Both matters have been fully briefed. The Court has considered the pleadings and the remainder of the file here. For the reasons discussed, Plaintiff's Motion to Remand should granted, and Defendants' Motion to Consolidate should be denied as moot.

**I. MOTION TO REMAND**

 A. <u>Background</u>.

Both cases originate from the conduct of Defendants on March 24, 2014. On March 24, 2017, Plaintiff filed a complaint in Pierce County Superior Court, alleging violations of the

- 1

Washington Open Public Meetings Act, the Americans with Disabilities Act, and constitutional rights under 28 U.S.C. §1983. Defendants timely removed, and the case is now pending in this district as Cause No. 17-5277 (hereinafter, "Sage I"). The Court's original jurisdiction over Sage I is not contested.

After filing a second complaint with the District and waiting more than sixty days, *see* RCW 4.96.020(4), on May 31, 2017, Plaintiff filed a second complaint in Pierce County Superior Court. Defendants timely removed, and the case is now pending in this district as Cause No. 17-5775 (hereinafter, "Sage II"). The Sage II Complaint, the complaint at issue in Plaintiff's Motion to Remand, alleges substantially the same facts as Sage I, but it alleges only state law tort claims, specifically, violations of two state law provisions, RCW 28A.605.020 (parents' right to access school grounds) and Chapter 49.60 (Washington Law Against Discrimination), and two common law claims for tortious interference with a parent-child relationship and negligence. Dkt. 3 at ¶¶43-49.

Defendants' Notice of Removal in the second-filed case, Sage II, states:

A. Jurisdiction

> 7. This state-court action may be removed under 28 U.S.C. §1441 because Plaintiff's underlying alleged facts are the same as the previous State-Court Action that was removed to federal court. Together, the underlying facts and claims arise under the U.S. Constitution and laws of the United States and thus, this Court has original jurisdiction under 28 U.S.C. §1331, a federal question. Furthermore, supplemental jurisdiction under 28 U.S.C. §1367, in particular pendant jurisdiction, applies because . . . underlying alleged facts and named parties are the same as those in Plaintiff's First State-Court Action [Sage I], which was then removed to this Court.

Sage II, Dkt. 1 at ¶7.

B. <u>Discussion</u>.

The key question before this Court is whether it has original jurisdiction over Sage II, because if it does not, Sage II should be remanded and Sage II should not be consolidated with Sage I.

### 1. 28 U.S.C. §1331.

The Notice of Removal invokes 28 U.S.C. §1331, federal question jurisdiction, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[.]" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *id*. at 813, but state law claims 'arise under' federal law if "vindication of the state right necessarily turns upon construction of a substantial question of federal law, *i.e.*, if federal law is a necessary element of one of the well-pleaded claims." *Ultramar America Ltd. v. Dwelle*, 900 F.2d 1412 (9th Cir. 1990).

In review of the Sage II Complaint, the Court cannot say that Plaintiff's right to relief "*necessarily* depends upon construction of a substantial question" of federal law. *Ultramar*, 900 F.2d at 1414. *See* Dkt. 3. Plaintiff's state law claims can be determined with reference to state law.

Defendants make two arguments in defense of their position that the claims in Sage II necessarily depend upon construction of a substantial question of federal law. First, Defendants argue that the WLAD claim, which centers on allegations of discrimination and retaliation, requires application of federal law, because Washington law interprets the WLAD by looking to

the ADA and Title VII of the Civil Rights Act. Dkt. 12 at 4. The fact that State law *may* look to federal law does not mean that federal law is a *necessary* element.

Second, Defendants argue that a federal question is raised because Sage II has essentially the same factual allegations as Sage I, and "Sage I's causes of actions were almost all federal questions." Dkt. 12 at 2. According to Defendants, Sage II "simply repacked and renamed as state claims" the allegations in Sage I. *Id*. at 3. For example, Defendants illustrate, where it is alleged that Defendants banned Plaintiff from attending public meetings, these facts, alleged as the basis for the negligence claim in Sage II, necessarily raise constitutional issues relating to Plaintiff's 5th and 14th Amendment rights. Dkt. 12 at 2. However, the fact that the same set of alleged facts could trigger federal issues (and, in fact, have done so in Sage I), does not mean that a substantial question of federal law is *necessarily* raised; it only points to parallel federal and state cases arising from the same set of facts.

In summary, federal law does not play a "pivotal" role to resolving Sage II's state law claims, so the case does not arise under federal law. *See Nevada v. Bank Corp*., 672 F.3d 661, 675 (9th Cir. 2012).

**2. 28 U.S.C. §1367.**

The Notice of Removal also invokes 28 U.S.C. §1367, supplemental jurisdiction, which would appear to be an attempt to bootstrap the uncontested original jurisdiction from Sage I. Defendants have since abandoned this theory. *See* Sage II, Dkt. 12. Had they not done so, 28 U.S.C. §1441 would preclude such a maneuver, because original jurisdiction is a prerequisite to removal for every individual case.

Because the Court lacks federal question jurisdiction, Plaintiff's motion to remand should be granted. Sage II should be remanded.

## II. MOTION TO CONSOLIDATE

The Court does not reach Defendant's Motion to Consolidate, because it does not have original jurisdiction over Sage II. Defendant's motion should therefore be denied as moot.

* * *

THEREFORE, Plaintiff Maika Sage's Motion to Remand (Dkt. 11, Cause No. 17-5775) is GRANTED. Cause No. 17-5775 is HEREBY REMANDED to Pierce County Superior Court.

Defendants' Motion to Consolidate (Dkt. 21, Cause No. 17-5277) is DENIED as moot.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of December, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO CONSOLIDATE - 5